Mr. Chief Justice Bingham
delivered the opinion of the Court:
In the case of Hallet Kilbourn and John F. Olmstead vs. James M. Latta, the complainants, Hallet Kilbourn and John F. Olmstead, state in their bill that, in 1866 Hallet Kilbourn and John M. Latta entered into a co-partnership for the purpose of carrying on the business of real estate agents and brokers and the purchase and sale of real estate in the District of Columbia; that said co-partnership continued until the 1st day of January, 1872, when the same was dissolved; that during the existence of said partnership *81 a large amount of business was transacted by said firm, .and a thorough knowledge of the nature, value, and titles of real estate, and the general business connected with the purchase and sale of real estate in said District was acquired by the said Kilbourn and Latta respectively; that on the 1st day of January, 1872, a co-partnership was entered into by the complainants, Kilbourn and Olmstead, with the defendant, Latta, for the purpose of carrying on the same business in the city of Washington. Kilbourn’s interest was three-eighths, Latta’s three-eighths, and Olmstead’s two-eighths of the share of profits and losses.
It is in addition to this averred that during the existence of this co-partnership, namely, on or about the 1st day of December, 1872, the defendant Latta, without the knowledge or consent of the complainants, or either of them, entered into a secret agreement with one John Stearns, then a resident of the District of Columbia, by which it was agreed that said Stearns and the said defendant would engage in the business of buying and selling real estate in said District, Stearns to furnish the capital to be used in the business, and Latta to conduct the business and to furnish and use information, and so forth. This, it is charged, was a secret agreement entered into on the part of Latta with an intent to cheat and defraud the complainants, and with intent to disregard the partnership agreement with them, to betray the relation of trusts existing by said co-partnership agreement, and by operation of law; and to conceal from his co-partners, the complainants, the existence of this agreement with Stearns he requested each of his co-partners, respectively, not to converse with Stearns concerning the business of said Stearns, alleging as a reason for said request that Stearns was not friendly with them ; also requesting Stearns not to mention the existence of the agreement to either Kilbourn or Olmstead, giving as a reason for said request that both Kilbourn and Olmstead were unfriendly toward him ; all of which it is averred was false.
*82 It is not necessary to further state the contents of the bill, which is quite lengthy.
The answer substantially takes issue with the averments of the bill, at least so far as any averments of fraud or secrecy is concerned, or any fact which would tend to show that the co-partnership of Stearns and Latta was illegal or in fraud of the rights of the complainants.
To the answer a replication was filed and testimony taken and the cause submitted to the court. The court, upon the issue joined, found in favor of the complainants, and ordered that Latta should account to the complainants for five-eights of all of the profits received by him as a partner in the firm of Stearns and Latta, and referred the case to an auditor to state the account. The report of the auditor was made. To this report exceptions were taken by the defendant as to three items of the report only; as to that portion of the report in relation to lot 4 in square 282, as to the portion which relates to square 153, and as to the portion which relates to square 727.
We have carefully examined the testimony relating to these portions of the auditor’s report to which exceptions have been filed. We are of the opinion that the auditor did not err in his conclusions in respect to the matters complained of. The special matter of complaint is directed to a statement of the auditor as to the burden of proof. In his report the auditor says:
“ The terms of the opinion announced by the court in General Term, in passing upon the issue in this cause, seem to me to impose upon the defendant the burden of disclosing and establishing a full and complete account of the joint operations and of the adjustment and settlements of the accounts between himself and Stearns. It is his misfortune that he cannot now meet this burden of proof, and rebut the presumptions which arise against him.”
It is claimed that this position of the auditor is erroneous, and to that erroneous position may be attributed his failure, *83 as is claimed by counsel for the defendant, to arrive at just and proper conclusions as to the several matters complained of.
We believe that the auditor was not in error in this conclusion. We think it is quite clear that upon the decree of the court, the court finding the averments of the bill to be substantially proved, and decreeing against the defendant that he should account to the complainants for their just proportion of the profits which he received from the firm of Stearns and Latta, it could only have been upon the ground that he had illegally and in fraud of the rights of the complainants contracted this relation with Stearns, and carried on this partnership business with him, whereby he realized profits; and that for these profits he must account. Under such circumstances he was bound to discover what profits he had made; to render an account of his doings as a co-partner with Stearns. Surely after the complainants had proved what money had come into the possession of Latta and Stearns — principally into, the possession of Latta, because it was shown that he transacted nearly all of the business, made all of the purchases and sales and received nearly all the payments, from the parties with whom they originally dealt — after they had shown, so far as they could, and so far as they were able by examination of the books of the parties — the books of Kilbourn and Latta, through whom some of this business was transacted, the bank books of the respective parties, Stearns and Latta, the checks, drafts used and drawn by them, and so forth, there yet remained, so far as could be discovered from an examination of all this data, an amount of money in the hands of Latta more than sufficient to pay to him his one-half of all of the profits realized by that firm in their transactions — we think it was incumbent upon the defendant Latta to produce affirmative proof of his assertion that he never had received his share of the profits as to the three transactions to which exceptions are taken, and which are now before us. This *84 he failed to do, and we think the auditor properly inferred from all of the circumstances of the case, applying the rule which he suggests to the evidence in the case, that Latta was to be chargeable with one-half of the profits in each of these instances.
We think there was no error either, in his finding that Latta should account for one-half of the- profits in the transactions in regard to square 727, because it was shown that a portion of the proceeds of that transaction went into the purchase of square 242, which at the time of the commencement of this action, probably at the time of the hearing, so far as was known, had not been sold, for the reason that it was entirely immaterial what he did with these profits. Having shown that he realized profits from square 727, if he thought proper to invest them in other property he is not thereby excused from accounting to the plaintiffs for the same. Even if we suppose that his profits were invested in square 242, there is no reason to suppose, nor is there any showing of a loss of those profits, which it would be necessary to show if that became material. But the auditor found in this case that, so far as the profits realized by Latta in regard to square 727 are concerned, they were not re-invested in square 242; but enough money out of the proceeds of the sale of square 727 was retained by Latta to more than cover his share of the profits. We think that he was justified in this finding by the evidence in the case. There was a surplus of money from the proceeds of square 727, nearly $10,000 over and above the cost of square 242; and the entire profit realized in the purchase and sale of square 727 was something less than $10,000, the share of Latta being something less than $5,000.
The exceptions to the auditor’s report are overruled. The auditor’s report is confirmed and the case remanded for further proceedings.